IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIXON R. DOLL,<br><br>    Plaintiff,<br><br>v.<br><br>STARS HOLDING COMPANY, et al.,<br><br>    Defendants | No. C-05-1132 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

    Before the Court are four motions: (1) Grant Thornton LLP's ("Grant Thornton") motion to dismiss plaintiff Dixon R. Doll's First Amended Complaint ("FAC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and to strike one paragraph in the FAC, pursuant to Rule 12(f); (2) the motion of Chenery Associates, Chenery Associates, Inc., Chenery Management, Inc., Chenery Investments, Inc., Chenery Services, Inc., Chenery Capital, Inc., Sussex Financial Enterprises, Inc., and Roy E. Hahn (collectively, "Chenery") to dismiss the FAC, pursuant to Rules (9)(b) and 12(b)(6);

(3) Sidley Austin Brown & Wood LLP's ("Sidley") motion to dismiss the FAC, pursuant to Rule 12(b)(6); and (4) R. J. Ruble's ("Ruble") motion to dismiss the FAC, which motion consists solely of a joinder in Sidley's motion. Plaintiff has filed a separate opposition to each motion, to which Grant Thornton, Chenery, and Sidley have separately replied. Having reviewed the papers filed in support of and in opposition to the motions, the Court deems the matters

appropriate for decision on the papers, VACATES the hearing scheduled for October 28, 2005, and rules as follows.

## BACKGROUND

In his FAC, plaintiff alleges he "purchase[d] the distressed assets of NPL, primarily bankrupt stock of a company called Daewoo." (See FAC ¶ 44.) According to plaintiff, defendants advised and/or encouraged him to purchase such assets and, in so doing, "misrepresented and omitted to state material facts" in violation of federal securities law. (See FAC ¶ 69.) Plaintiff also alleges that defendants, in violation of state law, fraudulently induced him to pay "millions of dollars in fees for NPL," (see FAC ¶ 93), breached contractual provisions, (see FAC ¶¶ 100, 113), failed to comply with their professional and fiduciary duties of care (see FAC ¶¶ 103, 106), were "unjustly enriched," (see FAC ¶ 118), and engaged in unfair business practices, (see FAC ¶ 122).

## DISCUSSION

**A. Federal Claim**

Plaintiff alleges one federal claim, specifically, a claim that defendants violated federal securities law. Grant Thornton and Chenery argue that plaintiff's federal claim is subject to dismissal on the ground plaintiff has failed to comply with the specification requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.[1] The Court agrees.

The PSLRA requires a plaintiff to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." See 15 U.S.C. § 78u-4(b)(1). The PSLRA also requires, to the extent an allegation is based on information and belief, that the plaintiff allege "with particularity all facts on which that belief is formed."

---

[1] This argument is not made by Sidley and Ruble; an additional defendant, Stars Holding Company, has not appeared in the instant action. Because the Court's analysis of the argument made by Grant Thornton and Chenery on this issue applies equally to all defendants, however, the Court's finding on such issue will apply to all parties. See Silverton v. Department of Treasury, 644 F. 2d 1341, 1345 (9th Cir.) (holding where moving defendants are entitled to dismissal and non-moving defendants are "in a position similar to that of moving defendants," district court may dismiss action as against all defendants), cert. denied, 454 U.S. 895 (1981).

See id. Additionally, with respect to the element of scienter, the plaintiff "must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." See DSAM Global Value Fund v. Altris Software, Inc., 288 F. 3d 385, 388-89 (9th Cir. 2002) (internal quotation and citation omitted). The plaintiff must also disclose the sources for the complaint's factual allegations. See In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 763-64 (N.D. Cal. 1997) (holding plaintiff must allege "confidential informants, employees, competitors, government employees, members of the media, and others who have provided information leading to the filing of the case"), aff'd, 183 F. 3d 970 (9th Cir. 1999).

Here, the FAC includes a 47-paragraph section titled "General Allegations," in which plaintiff makes reference to a number of statements and omissions by defendants, most of which are paraphrased and a few of which are purported quotes by one or more defendants. In the First Cause of Action, plaintiff's federal securities claim, plaintiff begins by incorporating by reference the "General Allegations" section of the FAC, and then alleges 24 paragraphs, in which, to the extent such paragraphs make reference to statements, plaintiff appears to summarize some, but not all, of the statements paraphrased or purportedly quoted in the "General Allegations" section.

It is unclear from the above-described manner in which plaintiff has pleaded his federal claim, and from plaintiff's oppositions, in which plaintiff generally discusses his federal securities claim and his state fraud claim together,[2] precisely which statements plaintiff alleges are false or misleading for purposes of his federal securities claim. Essentially, plaintiff has "left it up to defendants and the court to try to figure out exactly what the misleading statements are." See In re Autodesk, Inc. Securities Litig., 132 F. Supp. 2d 833, 842 (N.D. Cal. 2000). Under such circumstances, dismissal of the complaint, with leave to amend, is appropriate. See id.; In re Secure Computing Corp. Securities Litig., 120 F. Supp. 2d 810,

---

[2] A plaintiff must base a federal securities claim on conduct "in connection with" a purchase or sale of securities. See Securities and Exchange Comm'n v. Zandford, 535 U.S. 813, 825 (2002). Because a state fraud claim is not so limited, plaintiff's state law claim may well be broader, perhaps significantly broader, than his federal claim.

3

815-16 (N.D. Cal. 2000) (dismissing complaint with leave to amend where defendants and district court were required to speculate as to which statements were false and misleading).

With respect to the element of falsity, it is apparent that plaintiff, in contravention of the PSLRA, has not alleged "all facts" on which his allegations on "information and belief" are based.  For example, plaintiff alleges on information and belief that Sidley and Chenery failed to advise plaintiff about a "kickback" they had received, but fails to allege any facts to support his assertion that defendants, in fact, received a "kickback," and also fails to allege the source who provided plaintiff with such information.  (See FAC ¶ 34.)  As another example, plaintiff alleges Chenery represented that NPL's "investment objective is to generate capital appreciation," but fails to allege any facts to support his implicit assertion that the stated objective was, in fact, not the actual objective, and also fails to allege any source who provided plaintiff with such information.  (See FAC ¶ 43.)

With respect to the element of scienter, plaintiff has not pled in "great detail" facts to support his allegations that defendants made false statements or omissions with the requisite state of mind.  See DSAM Global Value Fund, 288 F. 3d at 388-89.  As one example, plaintiff alleges Chenery "predicted" NPL would have a "40-50% annualized return," but fails to set forth any facts, let alone facts in "great detail," to support plaintiff's implicit allegation that Chenery knew such representation was false when made, or the source who provided plaintiff with any such information.  (See FAC ¶ 77.)

In sum, the FAC falls far short of the specificity requirements set forth in the PSLRA. Consequently, the FAC is subject to dismissal, with leave to amend to identify with specificity each statement and omission alleged to be false or misleading for purposes of the federal securities claim, to specify the reasons why each such statement or omission is false or misleading, and to set forth all facts and the sources on which plaintiff bases his allegations of falsity and scienter on "information and belief."[3]

In addition to the above-discussed argument as to specification deficiencies, made by

---

[3] Because the FAC will be dismissed, Grant Thornton's request to strike paragraph 24 therein is denied as moot.

4

Grant Thornton and Chenery, all defendants argue that plaintiff cannot, as a substantive matter, state a federal securities claim, at least as based on statements of a particular nature. With the exception of one category of statements addressed below, the Court declines to reach defendants' arguments as to the viability of plaintiff's federal claim, for the reason that the current complaint is unclear as to the precise statements on which plaintiff intends to rely in support thereof. Further, because plaintiff has not complied with the PSLRA's directive that he plead with specificity the elements of falsity and scienter as to each statement, reaching the merits of defendants' substantive arguments is premature.

The Court will address, however, the merits of plaintiff's federal claim to the extent it is premised on defendants' alleged statements to the effect that if the securities lost value, the IRS likely would recognize as legitimate any claimed losses. (See, e.g., FAC ¶ 31.) According to plaintiff, defendants knew such representations were false because defendants "had no reasonable expectation" the IRS would recognize the losses. (See FAC ¶ 48.) Similarly, plaintiff alleges that defendants, or certain of them, are liable for omitting to inform him the IRS would not recognize the losses. (See, e.g., FAC ¶ 54.) Plaintiff fails to plead a cognizable securities claim based on such statements and omissions because plaintiff fails to allege the IRS has made a determination that losses claimed by investors in NPL will not be recognized; plaintiff alleges only that Chenery informed him the IRS was "investigating NPL." (See FAC ¶ 65.) The fact that the IRS is or was "investigating NPL" does not support a finding that the IRS has not or will not recognize losses claimed by investors in NPL.[4] Unless

---

[4]Plaintiff also alleges he "had to file a disclosure for amnesty" with the Franchise Tax Board ("FTB"), a California state tax agency. (See FAC ¶ 66.) Plaintiff, however, does not allege that the FTB had given any indication it was going to disallow losses claimed by investors in NPL. Consequently, as pleaded, the FAC merely alleges that plaintiff chose to file for amnesty with the FTB, apparently to avoid or lessen the possibility that he might in the future become liable for penalties if, in the future, the IRS or FTB were to disallow the claimed losses. Such allegation does not suffice to support a finding that defendants' statements concerning the likelihood that claimed losses would be allowed were false when made. Further, as to plaintiff's allegation that he paid the FTB "back taxes and interest," (see FAC ¶ 66), even if plaintiff can allege the claimed losses are not allowable, he cannot recover such taxes and interest as damages in a federal securities claim. See DCD Programs v. Leighton, 90 F. 3d 1442, 1447-1452 (9th Cir. 1996).

5

plaintiff is prepared to allege that his claimed losses will not be recognized,[5] plaintiff cannot state a securities fraud claim based upon such statements and omissions.[6] Cf. Seippel v. Jenkens & Gilchrist, P.C., 341 F. Supp. 2d 363, 370, 374 (S.D. N.Y. 2004) (holding cognizable under federal securities law plaintiff's claim that defendants promoted "tax shelter" and advised plaintiff IRS would recognize claimed losses, where, inter alia, IRS and state tax agency had audited plaintiff's returns and assessed penalties).

**B. State Law Claims**

Each of plaintiff's remaining claims arises under state law. Because the parties are not of diverse citizenship, (see FAC ¶¶ 5, 7), the Court's jurisdiction over the state law claims is supplemental in nature. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3). Here, in light of the dismissal of the sole claim over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over the state law claims, and, consequently, will dismiss such claims without prejudice.[7]

///

///

///

///

///

---

[5] As discussed above, if plaintiff makes such an allegation on information and belief, plaintiff is required to allege "all facts" that support such allegation, as well as the source of plaintiff's information.

[6] Sidley and Ruble argue that a securities claim based on misrepresentation as to IRS recognition is time-barred. The argument is unpersuasive because such defendants have not shown such a claim has accrued, i.e., that plaintiff incurred damages as a result of disallowance of the losses claimed.

[7] In the event that plaintiff, in a Second Amended Complaint, realleges his state law claims, defendants may renew any arguments directed at those claims.

**CONCLUSION**

For the reasons discussed above, defendants' motions to dismiss the FAC are hereby GRANTED, and the FAC is hereby DISMISSED with leave to amend. Any Second Amended Complaint shall be filed no later than December 2, 2005.

This order terminates Docket Nos. 42, 46, 48 and 57.

**IT IS SO ORDERED.**

Dated: October 27, 2005

MAXINE M. CHESNEY
United States District Judge